THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ALLEN WAYNE SEAMSTER,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [1] MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER § 2255**<br><br>Case No. 1:21-cv-93-DBB<br><br>District Judge David Barlow |

　　　　Before the court is Petitioner Allen Wayne Seamster's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] Seamster contends that he is entitled to relief under § 2255 due to ineffective assistance of counsel.[2] The United States has filed a court-ordered response[3]—which includes a declaration from Seamster's trial counsel, Gregory B. Smith[4]—and Seamster has replied.[5] The parties have also filed additional declarations to supplement the record, as directed by the court.[6]

---

[1] Motion to Vacate under 28 U.S.C. § 2255, ECF. No. 1, filed June 21, 2021.

[2] *See id.*

[3] ECF No. 6, filed August 20, 2021.

[4] ECF No. 6-1, filed August 20, 2021. Smith was also Seamster's sentencing counsel.

[5] ECF No. 7, filed September 2, 2021.

[6] ECF Nos. 9, 10.

Having considered the briefing, exhibits, and relevant law, the court finds that "the motion and the files and records of the case conclusively show that [Seamster] is entitled to no relief."[7] Therefore, no hearing will be held, and the motion is denied.

## BACKGROUND

On February 26, 2020, the Grand Jury returned an indictment charging Seamster with possession of a firearm by a felon (Count 1), possession of an unregistered silencer (Count 2), and possession of methamphetamine (Count 3).[8] Pursuant to a plea agreement, Seamster pleaded guilty to Count 2, and the United States dismissed the other two charges.[9] On October 21, 2020, Seamster was sentenced to 18 months incarceration to be followed by two years of supervised release.[10] No appeal was filed.

Seamster filed the present motion for relief under § 2255 on June 21, 2021.[11] The United States responded on August 20, 2021, and Seamster replied on September 2, 2021.[12]

## STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside, or correct a sentence.[13] To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence,

---

[7] *See* 28 U.S.C. § 2255(b).

[8] *United States v. Seamster*, 1:20-cr-15, ECF No. 1. To avoid confusion, the court will refer to documents in the underlying criminal case using "Crim. ECF No. #."

[9] *See* Crim. ECF Nos. 21, 22, 28, 29.

[10] *See* Crim. ECF Nos. 21, 22, 28, 29.

[11] ECF No. 1.

[12] *See* ECF Nos. 6, 7.

[13] 28 U.S.C. § 2255.

>or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .[14]

A motion under § 2255 is not a substitute for an appeal.[15] Additionally, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."[16]

Because Seamster is proceeding *pro se*, the court must construe his arguments liberally.[17] "[T]his rule of liberal construction stops, however, at the point at which [the court] begins to serve as his advocate."[18] Seamster still has the burden to allege sufficient facts to support his claims, as allegations of ineffective assistance of counsel that "are merely conclusory in nature and without supporting factual averments" do not establish entitlement to relief under § 2255.[19]

A hearing on a § 2255 motion is required when "'[t]he factual allegations contained in the petitioner's motion and affidavit' are 'put in issue by the affidavit filed with the Government's response' and 'relate[ ] primarily to purported occurrences outside the courtroom and upon which the record could . . . cast no real light.'"[20] A hearing is not required if the record conclusively shows that the prisoner is not entitled to relief.[21]

---

[14] *Id.*

[15] *United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.").

[16] *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

[17] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[18] *Id.*

[19] *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

[20] *United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019) (all alterations in original) (quoting *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962)), *cert. denied*, 141 S. Ct. 449 (2020).

[21] *Id.*; 28 U.S.C. § 2255(b).

## DISCUSSION

Seamster asserts that he is entitled to relief under § 2255 due to ineffective assistance of counsel for two reasons.[22] First, he asserts ineffective assistance of counsel essentially as grounds for finding that his plea was not made voluntarily and knowingly.[23] Second, he asserts that Smith provided ineffective assistance by failing to file a notice of appeal.[24] The court will address these claims separately.

### I. Seamster's Guilty Plea Was Not Invalid Due to Ineffective Assistance of Counsel.

Claims of ineffective assistance of counsel related to the acceptance of a plea agreement are governed by the familiar standard set forth in *Strickland v. Washington*.[25] Under *Strickland*'s two-part test, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense."[26] To show deficient performance during the plea bargain stage, a petitioner must show that counsel's actions and advice fell outside "the range of competence demanded of attorneys in criminal cases."[27] When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[28] To

---

[22] *See* ECF No. 1-1 at 11–33.

[23] *See* ECF No. 1-1 at 11–30. Because Seamster did not challenge the validity of his guilty plea through a direct appeal, such a challenge typically is procedurally barred on collateral review. *See United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004). However, the court may consider Seamster's challenge here because he claims that his plea was the result of ineffective assistance of counsel. *See id.* ("A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar.").

[24] *See* ECF No. 1-1 at 30–33.

[25] *Missouri v. Frye*, 566 U.S. 134, 140 (2012).

[26] *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

[27] *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

[28] *Strickland*, 466 U.S. at 689.

show that counsel's deficient performance in the plea bargaining context was prejudicial, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[29]

Seamster argues that Smith's performance was deficient in four main ways. First and foremost, Seamster argues that Smith failed to adequately investigate the nature and function of his silencer and whether it was actually illegal.[30] Seamster claims that his silencer was merely a "toy silencer" for airsoft guns.[31] Had Smith adequately researched the law regarding silencers and consulted experts and witnesses, Seamster argues, he would have concluded that the "toy silencer" was not a "firearm silencer" for purposes of federal registration requirements and would not have erroneously advised Seamster to plead guilty to the unregistered silencer charge.[32]

Second, Seamster argues that he was unable to make an informed decision about whether to plead guilty because Smith failed to adequately discuss general strategy, the likelihood of success, and the consequences of pleading guilty with him.[33] This allegation is related in part to the previous allegation, as Seamster argues that Smith's inadequate investigation resulted in a lack of discussion, and inaccurate information, regarding the strength of the United States' case against him.[34] Seamster asserts that Smith simply pushed him to plead guilty instead of

---

[29] *Hill*, 474 U.S. at 59.

[30] ECF No. 1-1 at 11–30.

[31] *Id.* at 20–24, 27–30.

[32] *Id.*

[33] *Id.* at 13–15.

[34] *Id.* at 11–16, 28–30.

reviewing all possible options with him and effectively coerced him to plead guilty "by warning him that he could receive 10 years' imprisonment should he opt to proceed to trial and lose" and assuring him that he would only receive probation if he pleaded guilty.[35]

Third, Seamster argues that because an adequate investigation would have led Smith to conclude that the unregistered silencer charge was meritless, Smith could and should have negotiated a more favorable plea agreement.[36] Seamster asserts that the United States would have moved to dismiss the other two counts against him regardless of whether he pleaded guilty, so Smith erred in not seeking a more favorable outcome for the unregistered silencer charge.[37]

Fourth, Seamster argues that Smith's general failure to investigate caused him to unreasonably forego pretrial challenges to the Government's case.[38] Seamster contends that Smith should have filed a motion to suppress or otherwise challenged the grounds for Seamster's unregistered silencer charge.[39]

As for the prejudice element, Seamster argues that because the other charges against him were meritless, he would have been completely acquitted of all charges had he not pleaded guilty to possessing an unregistered silencer based on Smith's inadequate investigation and erroneous

---

[35] *Id.* at 23–24, 28.

[36] *Id.* at 25–30.

[37] *Id.*

[38] *Id.* at 16–25.

[39] *Id.*

advice.[40] At the very least, Seamster argues, there is a reasonable probability that he would have gone to trial instead of pleading guilty had Smith conducted a more thorough investigation.[41]

Having reviewed the record, the court is not persuaded that Smith's representation with respect to Seamster's guilty plea was objectively unreasonable. According to Smith's first declaration, his decision not to further investigate or challenge the unregistered silencer charge was a strategic one.[42] As such, whether that decision was reasonable depends on whether it was supported by "reasonable professional judgments."[43] Smith asserts that he believed any attempt to challenge or defend against the unregistered silencer charge would be futile based on his review of the relevant statutes and knowledge of the law.[44] He concluded that there was no convincing evidence that could persuade a jury that Seamster's silencer could be used, and was intended to be used, only with an airsoft gun.[45] Smith also points out that challenging the unregistered silencer charge could have been more harmful than beneficial to Seamster.[46] He believed that a guilty plea to the unregistered silencer charge was a fair bargain for the United States' dismissing the other two serious charges (and foregoing additional charges) and presented a more sympathetic case for lenient sentencing, while an unsuccessful challenge or defense to the unregistered silencer claim could jeopardize the chances for a good plea agreement or result in a

---

[40] *Id.* at 27–28.

[41] *Id.* at 24–26.

[42] *See generally* ECF No. 6-1.

[43] *See Strickland*, 466 U.S. at 690–91.

[44] *See* ECF No. 6-1 at 1–2, 4–5.

[45] *See id.*

[46] *See id.* at 1–3, 5.

longer sentence.[47] According to Smith, Seamster "was on board with [the] strategy" and "did not want to go down the road of trying to beat the "unregistered silencer charge."[48]

Seamster argues that Smith's strategic choice was objectively unreasonable because further investigation into the silencer and relevant case law would have revealed that it was only an "airsoft silencer" and could not support a conviction for possession of an unregistered "firearm silencer."[49] However, Seamster has provided no explanation as to why his silencer fell outside the statutory definition of "firearm silencer," which includes "any device for silencing, muffling, or diminishing the report of a portable firearm."[50] Although he claims that the silencer was used only for airsoft guns,[51] he provides no facts suggesting that the silencer could not have been used as a silencer on a firearm.[52] Seamster has also failed to provide any case law to support his arguments, and the court has found none that suggests Smith's conclusion that Seamster's silencer fell within the unregistered silencer statute was objectively unreasonable under the facts presented.[53]

---

[47] *Id.* at 1–3.

[48] *Id.* at 2, 5.

[49] ECF No. 1-1 at 20–24, 27–30. Seamster was charged with, and pleaded guilty to, "possession of a firearm which is not registered" under 26 U.S.C. § 5861(d), and the definition of "firearm" includes firearm mufflers and firearm silencers. *See* 26 U.S.C. § 5845(a) (utilizing the definition of silencer found in 18 U.S.C. § 921).

[50] 18 U.S.C. § 921(24).

[51] Airsoft guns do not appear to fall within the definition of "firearm," as it is not a weapon that "expel[s] a projectile by the action of an explosive." *See* 18 U.S.C. § 921(3); *see also* 18 U.S.C. § 5845(e).

[52] *See Cummings v. Sirmons*, 506 F.3d 1211, 1227 (10th Cir. 2007) (finding that petitioner failed to show ineffective assistance of counsel due to counsel's failure to provide "adequate and appropriate advice regarding the advisability of accepting" a plea agreement when the petitioner "fail[ed] to identify what adequate and appropriate advice his trial counsel allegedly should have given him" (internal quotation marks omitted)).

[53] There is little case law as to whether an "airsoft silencer" is a "firearm silencer" for purposes of 26 U.S.C. § 5861(d). At least one circuit court has held that an "airgun silencer" is not a "firearm silencer" if an additional part or modification is required to use it on a firearm. *See United States v. Crooker*, 608 F.3d 94, 97 (1st Cir. 2010) (per curiam). There is no Tenth Circuit case law specifically addressing this issue. However, the Tenth Circuit has held that two "[o]ld toilet paper tubes" filled with "stuffing from some old stuffed animals" qualified as silencers for

As they stand, Seamster's allegations regarding the adequacy of Smith's investigation do not overcome the strong presumption that Smith's legal conclusions regarding the silencer based on the available evidence were objectively reasonable.[54] And, in any event, Seamster has failed to show that he was prejudiced by any failure to investigate, as he has failed to show that Smith's conclusions were erroneous or that Smith's advice would have changed had he investigated the silencer further.[55] Indeed, Smith strategically used the silencer charge as "a great distraction from the firearms and drugs" charges on which Seamster was indicted.[56] This was a reasonable professional judgment, not ineffective assistance of counsel.

Seamster's allegation that Smith's performance was deficient because he failed to adequately communicate with him also fails. Seamster's assertion that Smith provided inaccurate information regarding his unregistered silencer charge due to an inadequate investigation fails for the reasons just discussed. And the assertion that Smith failed in general to discuss Seamster's options and the consequences of pleading or going to trial is contradicted by the record and Seamster's own averments. Even Seamster's motion, which asserts that "Smith failed to consult and explain the general strategy and prospects for success" is followed just a few sentences later

---

purposes of a base level enhancement under U.S.S.G. § 2K2.1(a)(5) when they were attached to a firearm. *See United States v. Webb*, 49 F.3d 636, 639–40 (10th Cir. 1995), *abrogated in part on other grounds by United States v. Booker*, 543 U.S. 220 (2005). It has also held that a silencer marketed as an "airsoft silencer" is a "firearm silencer" where there is evidence that it has been used, or the defendant intends it to be used, with a firearm. *See United States v. Salas*, 729 F. App'x 644, 647–48 (10th Cir. 2018) (unpublished). There is no evidence in the record as to whether Seamster's silencer could be attached to a firearm, and Seamster has provided no specific evidence that it could not have been.

[54] *See Strickland*, 466 U.S. at 690–91 (courts must "apply[] a heavy measure of deference to counsel's judgments" with respect to "a particular decision not to investigate" a defense).

[55] *See Hill*, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to investigate . . ., the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence [or investigation] would have led counsel to change his recommendation as to the plea.").

[56] ECF No. 6-1 at 2.

by a description of Smith consulting with Seamster and explaining his strategy of pleading to the silencer charge in exchange for dismissal of the guns and drugs charges.[57] Additionally, in his statement in advance of his guilty plea, Seamster acknowledged that he had "the assistance of counsel in reviewing, explaining, and entering into [the plea] agreement," that he had discussed his case and plea agreement with Smith as much as he wished and had no additional questions, and that he had been advised of and understood his rights.[58] At his change of plea hearing, Seamster again admitted that Smith had resolved all questions he had, that he was satisfied with Smith's representation, and that he did not accept the plea agreement due to threat or coercion.[59] Any lingering uncertainty Seamster may have had about the nature of his plea agreement, his rights to a trial, or the potential consequences of pleading or not pleading guilty were addressed by the magistrate judge's thorough explanations during Seamster's plea colloquy.[60]

Further, Seamster acknowledges in his opening brief that Smith discussed the consequences of choosing a trial over the plea agreement by "warning him that he could receive 10 years' imprisonment should he opt to proceed to trial and lose" and discussing the possibility of probation if Seamster pleaded guilty.[61] Although Seamster claims that Smith's warning about a possible 10-year maximum sentence was coercive and that Smith assured him that he probably would receive probation if he pleaded guilty, neither of these claims is supported by the law or

---

[57] ECF No. 1-1 at 14.

[58] *See* Crim. ECF No. 22 at 1, 6–7.

[59] ECF No. 6-2 at 6–7, 10.

[60] *See id.* at 3–14; *see also Fields*, 277 F.3d at 1214 ("Th[e] colloquy between a judge and a defendant before accepting a guilty plea is not pro forma and without legal significance. Rather, it is an important safeguard that protects defendants from incompetent counsel or misunderstandings. At these colloques, judges take the time to insure [sic] that defendants understand the consequences of a guilty plea.").

[61] ECF No. 1-1 at 23–24, 28.

the facts. Accurately informing a defendant about the possible maximum sentence that could be imposed if he chooses trial instead of accepting a plea offer is exactly what competent counsel should do, not an inherently coercive act.[62] And Seamster acknowledged in his statement in advance of his guilty plea that "[n]either my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea."[63]

      Seamster's allegation that Smith performed deficiently by failing to negotiate a more favorable plea agreement fails for many of the reasons already discussed. That allegation was based on Seamster's belief that further investigation by Smith into the unregistered silencer charge would reveal that he was innocent and that the United States' other charges against him were meritless.[64] However, as discussed above, Seamster has failed to show that Smith's investigation into the unregistered silencer claim was unreasonable or that it led to erroneous advice. Additionally, Seamster's assertion that the United States would have dropped the illegal possession of a firearm charge and methamphetamine charge even if he had not pleaded guilty is completely unsupported by any facts and is based on a misunderstanding of the law.[65] In short,

---

[62] *See Fields*, 277 F.3d at 1212–13, 1216; *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997); *Williams v. Kaiser*, 978 F.2d 1268 (10th Cir. 1992) (unpublished); *see also United States v. Moree*, 220 F.3d 65, 72 (2d Cir. 2000) ("That the attorney advised [the defendant] to take the [plea] offer and warned him that his failure to do so would lead to a thirty year sentence merely asserts that the lawyer gave professional advice as to what the consequences of his choice might be.").

[63] Crim. ECF No. 22 at 7.

[64] ECF No. 1-1 at 25–30.

[65] Seamster believes he could not have been found guilty on the firearm possession charge because the guns belonged to his girlfriend, *see* ECF No. 1-1 at 20, but this ignores that defendants can be found guilty based on constructive possession. *See United States v. Little*, 829 F.3d 1177, 1182 (10th Cir. 2016). Additionally, Seamster wrongfully interprets the officers' decision not to arrest him after methamphetamine was discovered in his home as meaning he could not be charged or convicted of possessing methamphetamine. *See* ECF No. 1-1 at 20. He has cited no authority or facts supporting his assertion that he could not be charged or convicted for the amount of methamphetamine he claims was discovered during the search. Indeed, he was charged for possession and there is no indication that he would not have been tried on that charge had he decided to go to trial.

Seamster has failed to identify any other facts Smith could or "should have marshaled in support of a better plea offer" than the one Seamster received.[66]

Seamster's final allegation of deficient performance, that Smith failed to file a motion to suppress or otherwise challenge his unregistered silencer charge before allowing him to plead guilty, is also unavailing. When a petitioner has pleaded guilty, he can raise constitutional challenges to pretrial proceedings on collateral review, including claims of ineffective assistance of counsel, only to the extent that they "implicate the voluntariness of the plea entered into."[67] Thus, the court can consider whether Smith's decision not to file a motion to suppress constituted deficient performance only in the context of whether that decision rendered Seamster's guilty plea involuntary or unknowing.[68] Seamster has made no argument as to how Smith's failure to make a motion to suppress or raise a pretrial challenge to the unregistered silencer charge affected his decision to plead guilty apart from his allegations regarding the adequacy of Smith's investigation and strategy, which have already been discussed. In any event, Seamster has failed to show that there is a reasonable probability that a motion to suppress or a motion to dismiss the unregistered silencer charge would have any factual basis at all, much less resulted in a different outcome for him.[69]

---

[66] *See Cummings*, 506 F.3d at 1227–28.

[67] *See Johnson v. Atherton*, 296 F.3d 991, 993 (10th Cir. 2002).

[68] *See id.*

[69] *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."). Smith's decision not to challenge the unregistered silencer charge was objectively reasonable, as discussed above. Seamster argues that a motion to suppress would have led to his acquittal because the officers raided his home without a search warrant, *see* ECF No. 1-1 at 17, but that is clearly contradicted by the record and by Seamster's admissions in his plea agreement and during his change of plea and sentencing hearings. *See* Crim. ECF No. 26 at 5; ECF Nos. 6-2 at 11–12; 6-3 at 10.

In summary, Seamster's ineffective assistance of counsel claim related to his guilty plea fails because he has failed to show that Smith's performance during the plea-bargaining stage of the case was deficient.[70] Because Seamster has failed to show deficient performance, there is no need to consider more fully whether he has shown prejudice.[71]

## II. Smith's Failure to File a Notice of Appeal Was Not Ineffective Assistance of Counsel.

Whether counsel's failure to file a notice of appeal constitutes ineffective assistance of counsel is governed by *Strickland*'s two-part test.[72] The reasonableness prong in such circumstances hinges on two main questions. The first is whether the petitioner asked counsel to file a notice of appeal. If the petitioner can show that counsel disregarded specific instructions to file a notice of appeal, then counsel's performance was per se objectively unreasonable, and there is no need to consider whether the petitioner was prejudiced because prejudice is presumed.[73] The petitioner whose instructions were disregarded "is entitled to [a new] appeal without showing that his appeal would likely have had merit."[74]

If the petitioner did not instruct counsel to file a notice of appeal, the question becomes whether counsel consulted with the petitioner regarding "the advantages and disadvantages of taking an appeal and ma[de] a reasonable effort to discover the [petitioner's] wishes."[75] If

---

[70] *See Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010) ("If [a defendant] is unable to show either 'deficient performance' or 'sufficient prejudice,' his claim of ineffective assistance necessarily fails.").

[71] *See Ellis v. Raemisch*, 872 F.3d 1064, 1085 (10th Cir. 2017).

[72] *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

[73] *See id.* at 477, 484.

[74] *Id.* (alteration in original) (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

[75] *Id.* at 478–79.

counsel properly consulted with the petitioner regarding an appeal and no request was made, the petitioner has no basis for claiming ineffective assistance of counsel.[76] If counsel did not consult with the petitioner, however, counsel's failure to consult was objectively unreasonable if (1) a rational defendant would have wanted to appeal or (2) the petitioner reasonably demonstrated to counsel that he was interested in appealing.[77] If the petitioner has shown that counsel's performance was unreasonable under these standards, the petitioner must then show prejudice by "demonstrat[ing] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[78]

In this case, Seamster has admitted that Smith discussed an appeal with him and that he did not ask Smith to file a notice of appeal.[79] Seamster initially alleged that he was so upset with Smith over the sentence he received after pleading guilty that he "walked out of the court" and never spoke to Smith again.[80] However, in a subsequent declaration filed with the court, Seamster admitted that shortly after sentencing Smith "told [him] that [they] could appeal but

---

[76] *Id.*

[77] *Id.*

[78] *Id.* at 484.

[79] ECF Nos. 1-1 at 30–31; 9 at 1. Although Seamster argues that he is entitled to relief because the record does not conclusively show that he did *not* request an appeal, *see id.* at 33, this overlooks the fact that he bears the burden of proving that Smith provided ineffective assistance and, thus, that he requested an appeal. *See United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000). Seamster does not contend that he instructed counsel to file an appeal, so the record does not require further expansion.

[80] *Id.* This factual assertion appeared odd and underdeveloped to the court because Seamster's sentencing was conducted virtually, not in person. *See* ECF No. 8. This left the court uncertain as to whether Seamster indeed claimed that he and Smith had no conversations whatsoever immediately after his sentencing and in the two weeks that followed. Because the court had also previously denied the United States' attempt to obtain Smith's perspective regarding post-sentencing conversations, *see* ECF No. 5, the court asked to the parties to supplement the record with declarations regarding any post-sentencing conversations or communications and the topics and details discussed. ECF No. 8. Seamster filed his declaration on November 15, 2021, and the United States filed Smith's declaration on November 22, 2021. *See* ECF Nos. 9, 10.

that it would probably not do any good because what [he] received [was] the best possible sentence."[81] Smith also informed him that he "would more than likely get the same sentence" if he appealed.[82] Seamster does not argue, let alone prove, that Smith's statements failed to adequately advise him of the advantages and disadvantages of filing an appeal or that Smith failed to make a reasonable effort to discover whether he desired to appeal.[83] Nor does he allege that he directed Smith to file an appeal during that conversation or at any time after they settled remaining fees and parted ways that day.[84] Therefore, Seamster has no basis to argue that Smith provided ineffective assistance of counsel by not filing a notice of appeal.

## ORDER

For the foregoing reasons, Seamster's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED**. A Certificate of Appealability is **DENIED**.

Signed November 29, 2021.

BY THE COURT:

David Barlow
United States District Judge

---

[81] ECF No. 9 at 1.

[82] *Id.*

[83] *Id.*

[84] *Id.*